12-2939-cv
*Caraballo v. City of New York, et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand thirteen.

PRESENT: ROBERT D. SACK,
           RICHARD C. WESLEY,
           SUSAN L. CARNEY,
               *Circuit Judges*

-------------------------------------------

DOMINICK CARABALLO, MARITZA MULLERO,

               *Plaintiffs-Appellants*,

M.N., an infant,

               *Plaintiff,*

      v.                                  12-2939-cv

CITY OF NEW YORK, JOHN AND JANE DOES
1 THROUGH 10, DAMON MARTIN, AND
THOMAS FUSCO,

               *Defendants-Appellees.*

-------------------------------------------

FOR APPELLANTS:    Michael Lumer, Reibman & Weiner,
                      Brooklyn, NY.

FOR APPELLEES:        Pamela Seider Dolgow, Dona B. Morris,
                      David M. Pollack, Assistant Corporation
                      Counsel, *for* Michael A. Cardozo,
                      Corporation Counsel of the City of New
                      York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York is **AFFIRMED.**

Plaintiffs-Appellants Dominick Caraballo and Maritza Mullero appeal from the district court's order granting summary judgment in favor of defendants on plaintiffs' claims for false arrest and imprisonment under 42 U.S.C. § 1983.  We review a district court's grant of summary judgment *de novo*.  *Schnabel v. Abramson*, 232 F.3d 83, 86 (2d Cir. 2000).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"[T]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quotation marks omitted).  The district court held that "Defendants Martin and Fusco had reason, as persons of reasonable caution, to believe that persons

2

sleeping in the apartment were residents . . . and therefore, in constructive possession of the contraband found therein."  Joint App'x 250.  Plaintiffs contend on appeal that (1) this is an erroneous statement of the law, and (2) there is no independent basis to find probable cause.

"An officer has probable cause to arrest when in possession of facts sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense."  *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997).  This standard is objective and encompasses "the totality of the circumstances."  *United States v. Patrick,* 899 F.2d 169, 171 (2d Cir. 1990).  We "must consider those facts available to the officer at the time of the arrest and immediately before it."  *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir. 1996).

In the context of a claim for false arrest or false imprisonment brought pursuant to 42 U.S.C. § 1983, moreover, "the defending officer need only show 'arguable' probable cause" to be entitled to qualified immunity.  *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) (quoting *Lee v. Sandberg*, 136 F.3d 94, 103 (2d Cir. 1997)).  Dismissal is therefore appropriate as long as "'officers of reasonable

3

competence could disagree' on the legality of the action at issue in its particular factual context." *Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

We have reasoned that "those who are permitted to observe *obvious* criminal activity in a home are, absent indications to the contrary, likely to be complicit in the offense." *United States v. Heath*, 455 F.3d 52, 57 (2d Cir. 2006) (emphasis added). In *Heath*, we found that there was probable cause for arrest where police officers found bags of cocaine "in plain sight" at the bottom of the arrestee's stairwell. *Id.* Other cases cited by the district court and defendants also suggest that a showing of probable cause for possession of contraband necessitates more than mere co-residency. *See, e.g., Torres v. Hanslmaier*, No. 94 Civ. 4082, 1995 WL 272527, at *2 (S.D.N.Y. May 8, 1995); *People v. Tirado*, 47 A.D.2d 193, 195-96 (1st Dep't 1975).

Here, however, officers found loose, unmarked pills of various colors and shapes in paper bags and unmarked pill containers in the kitchen. Officer Fusco suspected they might be MDMA. The arresting officer was not aware of a field test for MDMA. Notably, the entire search was

4

premised on the confirmed presence of marijuana plants at the apartment on a prior occasion, and, at the scene, officers found heroin in the bedroom.  Thus, with the "totality of the circumstances" informed by the confirmed presence of two different kinds of illegal drugs, it was reasonable for defendants to "draw [an] inference[] based on [their] own experience" that the variously shaped and colored pills in the kitchen were also illegal drugs, especially considering the manner in which they were placed in unmarked containers and bags. *See Ornelas v. United States*, 517 U.S. 690, 700-01 (1996).

The undisputed facts establish that plaintiffs were sleeping in a small apartment in which police found drugs on more than one occasion, including at the time of the arrest, and that defendants found suspected MDMA in a common area of that apartment.  These circumstances were arguably sufficient to warrant a prudent person to believe that the plaintiffs were "had knowledge of, and exercised dominion and control over," the suspected contraband, *see Maryland v. Pringle*, 540 U.S. 366, 372 (2003), and thus to provide arguable probable cause for plaintiffs' arrest and temporary imprisonment.  Defendants are therefore entitled to qualified immunity.

5

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk