| **Cartagena v City of New York** |
| --- |
| 2024 NY Slip Op 30466(U) |
| February 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159452/2017 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. HASA A. KINGO**  PART 05M
*Justice*

--------------------------------------------------------------------------X

EDWIN CARTAGENA,

                    Plaintiff,

           - v -

THE CITY OF NEW YORK, P.O. VERONICA NICKEY,
FORMER P.O. ALFONSO RODRIGUEZ, THE OFFICER
WHO PLACED, OTHER NEW YORK CITY POLICE
OFFICERS, AS IT PERTAINS TO THE

                    Defendant.

--------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159452/2017 |
| MOTION DATE | 11/13/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69

were read on this motion for                JUDGMENT - SUMMARY        .

     With the instant motion, defendants - THE CITY OF NEW YORK, P.O. VERONICA NICKEY OF THE 28 PCT., SHIELD #15241, TAX ID #956130, FORMER P.O. ALFONSO RODRIGUEZ SHIELD #12765, TAX ID #953329, SERGEANT LERON LEWIS, POLICE OFFICER MATTHEW MESITER (hereinafter referred to as "defendants") - move: (1) Pursuant to CPLR § 3211 for an order dismissing plaintiff EDWIN CARTAGENA's ('plaintiff') state law causes of action, except malicious prosecution, as time-barred under GML § 50-E and CPLR § 217-A; (2) Pursuant to CPLR § 3212 for an order granting defendants summary judgment on plaintiff's state and federal law false arrest and false imprisonment claims based on the presence of probable cause and the state law claims as untimely; (3) Pursuant to CPLR § 3211(a)(7) and § 3212 for an order granting summary judgment and/or dismissing plaintiff's 42 U.S.C §1983 claim of excessive force and state law claim of assault and battery against defendants, as the assault and battery claims are untimely and plaintiff testified that Sergeant Lewis used force, and there is no excessive force claim against Sergeant Lewis as indicated in this court's prior decision; (4) Pursuant to CPLR § 3211(a)(7) and § 3212 for an order granting summary judgment and/or dismissing plaintiff's state and federal malicious prosecution claims based on the presence of probable cause for plaintiff's arrest and prosecution; (5) Pursuant to CPLR § 3211(a)(7) and § 3212 for an order granting summary judgment and/or dismissing plaintiff's federal 42 U.S.C § 1983 claims for unlawful stop and unlawful search based on the presence of probable cause for the stop and the search was incident to a lawful arrest; (6) Pursuant to CPLR § 3212 and 3211(a)(7) granting summary judgment and/or dismissing plaintiff's 42 U.S.C § 1983 ("Monell") claim against the City for failure to state a claim or alternatively for an order bifurcating these claims at the time of trial, dismissing plaintiff's complaint in its entirety as against the JOHN AND JANE DOE officers; (7) Pursuant to CPLR § 3211(a)(7) and § 3212 for an order dismissing any negligent hiring, training, and retention claims as the named defendants were acting within the scope of their

**159452/2017  CARTAGENA, EDWIN vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 1 of 12**

[* 1]

employment; (8) Pursuant to CPLR §§ 3125(c), 1024, and 306(b) for an order dismissing plaintiff's complaint in its entirety as against the JOHN AND JANE DOE officers; (9) Pursuant to CPLR § 3211(a)(7), for an order dismissing all other causes of action as insufficiently pled; and (10) For such other and further relief as this court may deem just and proper.

## BACKGROUND

In this action, plaintiff seeks compensation for purported violations of his civil rights and for personal injuries allegedly suffered by plaintiff during his arrest by members of the New York City Police Department ("NYPD") on or about April 24, 2016, near 129th Street and the 3rd Avenue Bridge in the County of New York. On that date, NYPD officers were engaged in a motorcycle checkpoint operation at the Third Avenue Bridge, where motorcycles were subjected to stops.

Plaintiff, operating his motorcycle on the Third Avenue Bridge, was purportedly stopped in accordance with the checkpoint protocol—though the plaintiff notably takes umbrage with that characterization by defendants. Alongside the plaintiff, several other motorcycles were also subjected to stops. During this traffic stop, plaintiff was informed that his motorcycle, due to an unapproved helmet, would be impounded and secured at the 25th precinct. Plaintiff acknowledges that he was not using a Department of Transportation ("DOT")-approved helmet and opted for sunglasses instead of goggles.

Despite allegedly being instructed multiple times, plaintiff apparently adamantly refused to allow the officers to take possession of his motorcycle, stating firmly, "you are not taking my bike." Subsequently, plaintiff resumed riding his motorcycle. An officer then requested plaintiff's keys, to which plaintiff responded by refusing to surrender them, stating, "you're not getting nothing." After repeated non-compliance, Sergeant Leron Lewis ("Sergeant Lewis") intervened, removing plaintiff from the motorcycle. Notably, Officer Alfonso Rodriguez ("Officer Rodriguez") and Officer Veronica Nickey ("Officer Nickey") played no role in plaintiff's removal, the use of force, or the subsequent handcuffing.

Ultimately, plaintiff was placed in handcuffs, and both his helmet and motorcycle were documented at the precinct. Criminal charges, including Penal Law 195.05 for Obstructing Governmental Administration in the Second Degree, were levied against plaintiff, along with four traffic summonses. On February 22, 2017, plaintiff's criminal case was dismissed under the speedy trial provisions.

On August 24, 2017, plaintiff gave sworn testimony at a hearing held pursuant to General Municipal Law § 50-h. Plaintiff filed a summons and complaint on October 24, 2017. The City joined issue with service of its answer, and combined discovery demands, on or about November 13, 2017. On February 5, 2018, the City served an amended answer on behalf of the named Officers Nickey and Rodriguez. On or about January 18, 2019, the parties entered into a case scheduling order. On February 22, 2019, plaintiff examination before trial ("EBT") was held. On or about May 16, 2019, Officer Nickey's EBT was held. On or about May 16, 2019, Officer Rodriguez EBT was held. On July 22, 2019, plaintiff filed a motion to amend the complaint to add Sergeant Lewis and Police Officer Matthew Meister ("Officer Meister"). On or about June 25, 2020, this court

159452/2017   CARTAGENA, EDWIN vs. CITY OF NEW YORK
Motion No.  002

Page 2 of 12

issued a decision on the motion allowing plaintiff to amend the complaint to add Sergeant Lewis and Officer Meister only as to plaintiff's federal cause of action for malicious prosecution. On or about December 22, 2022, the EBT of Sergeant Lewis was held. On September 11, 2023, plaintiff filed note of issue and a certificate of readiness in this action. The instant motion was timely filed thereafter.

## ARGUMENTS

In support of their motion, defendants submit that plaintiff's state law claims, not including malicious prosecution, must be dismissed as untimely and time-barred by the statute of limitations. In addition, defendants contend that since there was probable cause to arrest plaintiff for violating New York Penal Law § 195.05 (Obstruction of Governmental Administration in the Second Degree), plaintiff's false arrest and false imprisonment claims under both federal and state law fail. Even if this court were to rule that a question of fact regarding probable cause exists, defendants submit that the court should still dismiss any federal false arrest and false imprisonment claims based on qualified immunity.

Defendants additionally argue that plaintiff's state law claims for assault and battery must be dismissed as untimely, as a matter of law. They also contend that plaintiff's excessive force claim against Sergeant Lewis should be disregarded since Sergeant Lewis is not being sued for excessive force. Defendant states that this is because the court's previous ruling on plaintiff's motion to amend the caption, adding Sergeant Lewis as a defendant, was restricted solely to a federal cause of action for malicious prosecution against him.

Defendants further assert that plaintiff's claims for malicious prosecution must be dismissed as a matter of law. This is based on their argument that plaintiff is unable to identify a lack of probable cause for his arrest and subsequent prosecution. Additionally, defendants contend that plaintiff cannot demonstrate actual malice on the part of defendants.

Defendants continue their argument, asserting that plaintiff's state law claims stemming from an unlawful stop or search must be dismissed as untimely. Moreover, they contend that plaintiff's claim for an unlawful search cannot proceed, especially when based on a search incident to a lawful arrest under the special needs doctrine.

Defendants further contend that plaintiff's "Monell" claims cannot proceed because plaintiff makes only broad conclusory allegations that his constitutional rights were violated due to the City's failure to train and supervise its police officers and the City's failure to implement policies to enforce the law. Defendants contend that these are precisely the type of legal conclusions rejected by the United States Supreme Court. Further, defendants contend that no "Monell" discovery has taken place and there is no evidence in the record to support a "Monell" claim, thus requiring judgment in defendants' favor on plaintiff's "Monell" claims.

Likewise, defendants aver that plaintiff's causes of action alleging negligent hiring and retention should be dismissed because the named defendant officers were acting within the scope of his employment when plaintiff was arrested.

**159452/2017   CARTAGENA, EDWIN vs. CITY OF NEW YORK**                    **Page 3 of 12**
**Motion No.  002**

3 of 12

Finally, defendants contend that plaintiff's supplementary claims against the JOHN AND JANE DOE OFFICERS should be dismissed. They argue that these claims lack adequate descriptions of individual defendants. In defendants' assessment, the complaint fails to provide sufficient information for any individual defendant, merely identified as JOHN AND JANE DOE OFFICERS, to understand that they are the intended target of the allegations solely by reading the complaint.

In opposition to defendants' motion, plaintiff argues that the checkpoint in question lacked a systematic and nonarbitrary process. Plaintiff highlights that the testimony from Sergeant Lewis indicates a lack of clarity regarding the frequency and pattern of motorcycle stops, as he mentioned an inconsistent range of stops during the checkpoint without recalling any established system or pattern. In contrast, plaintiff further underscores that Officer Rodriguez contends that officers were directed to stop every single motorcycle, irrespective of visible infractions, revealing a lack of discernment in the stopping criteria. However, plaintiff highlights that Officer Nickey's testimony contradicts this, stating that motorcycles were passing the checkpoint without being stopped, further underscoring the absence of a coherent and uniform approach.

In plaintiff's estimation, this divergence in accounts highlights the arbitrary nature of the initial stop involving plaintiff, and plaintiff contends that this suggests a lack of adherence to any specific system. As such, plaintiff avers that the record raises material questions of fact concerning the checkpoint's propriety, and plaintiff declares that this challenges defendants' assertion that the stop and detention were conducted in a nonarbitrary and systematic manner, thus warranting the denial of their motion for summary judgment.

After the contested vehicle stop, plaintiff highlights that Sergeant Lewis informed plaintiff that his motorcycle would be impounded due to the helmet's alleged noncompliance with DOT standards. Despite discrepancies in defendants' understanding of DOT compliance and the absence of any verification of a DOT sticker on the helmet, plaintiff argues that plaintiff was not afforded the opportunity to prove compliance by inspecting the inside of the helmet. Notably, plaintiff states that another motorcyclist with a similar helmet received no penalties.

Plaintiff, subsequently acquiring a DOT-compliant helmet, argues that he was subjected to an unwarranted seizure and impoundment of his motorcycle by Sergeant Lewis, even after demonstrating compliance This sequence of events, plaintiff contends, casts doubt on the justification for seizing plaintiff's motorcycle under the circumstances presented by defendants.

Furthermore, plaintiff argues that his arrest for Obstructing Governmental Administration in the Second Degree lacked probable cause, as the seizure of his motorcycle was unlawful. Plaintiff contends that the ensuing use of force by Sergeant Lewis, particularly against plaintiff's prosthetic elbow, resulted in injuries requiring Emergency Room treatment. This excessive force, plaintiff contends, as well as the lack of any violent conduct by plaintiff towards defendants, supports the contention that the force utilized against plaintiff was unwarranted.

Plaintiff further contends that defendants' failure to establish probable cause for the arrest and the subsequent malicious prosecution is further emphasized by the absence of Sergeant Lewis' name in the criminal complaint, despite his role in initiating contact and directing the summons.

**159452/2017   CARTAGENA, EDWIN vs. CITY OF NEW YORK**                                   **Page 4 of 12**
**Motion No.  002**

4 of 12

Plaintiff argues that the circumstances surrounding the arrest and the subsequent termination of the criminal proceedings in plaintiff's favor underscore the absence of probable cause and malicious intent.

Likewise, plaintiff argues that defendants have not met their burden on summary judgment to justify the actions leading to plaintiff's arrest and subsequent legal proceedings. Material questions of fact persist, plaintiff contends, necessitating a jury determination. Consequently, plaintiff urges the denial of defendants' motion for summary judgment on all pertinent claims.

In reply, defendants highlight that plaintiff's unopposed claims should be dismissed. As to plaintiff's opposed claims, defendants reiterate that plaintiff has failed to raise triable issues of fact or legal defenses, thereby necessitating dismissal of plaintiff's claims of false arrest, false imprisonment, malicious prosecution, and excessive force.

## LEGAL AUTHORITY

### A. Summary Judgment Standard

The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (*Alvarez v Prospect Hospital*, 68 NY2d 320 [1986]; *Winegrad v New York University Medical Center*, 64 NY2d 851 [1985]). Summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be scrutinized carefully in a light most favorable to non-moving party (*Assaf v Ropog Cab Corp.*, 153 AD2d 520 [1st Dept 1989]). Summary judgment will only be granted if there are no material, triable issues of fact (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 [1957]).

It is well-settled that issue finding, not issue determination, is the key to summary judgment (*Rose v Da Ecib USA*, 259 AD2d 258 [1st Dept 1999]). When the existence of an issue of fact is even fairly debatable, summary judgment should be denied (*Stone v Goodson*, 8 NY2d 8, 12 [1960]). Notwithstanding, A mere shadowy semblance of an issue of fact or bold, conclusory allegations will not suffice to defeat amotion for summary judgment (*Mallad Construction Corp. v. County Federal Savings & Loan Assoc.*, 32 NY2d 285, 290 [1973]). Rather, opposition to summary judgment must be based upon more than mere conclusions, expressions of hope, or unsubstantiated allegations (*Zuckerman*, 49 NY2d at 562, *supra*). Speculation will not create an issue of fact sufficient to defeat a motion for summary judgment (*Itingen v. Weinstein*, 260 AD2d 440, 441 [2d Dept 1999]). Rather, a plaintiff must submit proof in evidentiary form that establishes a genuine issue of material fact to defeat a motion for summary judgment (*Garnham & Han Real Estate Brokers v Oppenheimer*, 148 AD2d 493, 494 [2d Dept 1989]).

### B. Dismissal Standard

CPLR § 3211(a)(7) states that "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that...the pleading fails to state a cause of action." (*see* CPLR § 3211[a][7]). The standard of review to be used in determining whether a

**159452/2017   CARTAGENA, EDWIN vs. CITY OF NEW YORK**                          **Page 5 of 12**
**Motion No.  002**

5 of 12

motion for dismissal pursuant to CPLR § 3211 should be granted is as follows: "Accepting the allegations as true, [the] sole criterion is whether the pleading states a cause of action" (*Polonetsky v. Better Homes Depot Inc.*, 97 NY2d 46, 54 [2001]; *Samiento v. World Yacht Inc.*, 10 NY3d 70, 79 [2008]; *see also* CPLR § 3026 ["(p)leadings shall be liberally construed"]). Furthermore, a court may freely consider affidavits submitted by plaintiff to remedy any defects in the complaint. (*Leon v. Martinez*, 84 NY2d 83 [1994]; and must determine "whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Guggenheimer v. Ginzburg*, 43 NY2d 268, 275 [1977]). However, "while factual allegations contained in the complaint are deemed true, bare legal conclusions and facts flatly contradicted on the record are not entitled to a presumption of truth" (*Symbol Tech., Inc. v. Deloitte & Touche, LLP*, 69 AD3d 191, 194 [2d Dept 2009]).

CPLR § 3013 imposes a limitation on plaintiffs by tempering the liberal interpretation of CPLR § 3211. CPLR § 3013 says that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense."

8(a)(2) of the Federal Rules of Civil Procedure provides that to state a claim for relief a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" (*see* Fed. R. Civ. P. 8[a][2]). The United States Supreme Court in *Ashcroft v. Iqbal* held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (*Ashcroft v Iqbal*, 556 US 662, 678 [2009]). The New York Court of Appeals has held that while "plaintiffs' allegations are presumed to be true and accorded every favorable inference, conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (*Godfrey v. Spano*, 13 NY3d 358, 373 [2009]). Thus, the New York State pleadings standard is analogous to the federal standard espoused in *Iqbal*.

## DISCUSSION

### A. Dismissal of Plaintiff's State Law Claims

Here, as an initial matter, defendants have sufficiently established that plaintiff's state law claims, excluding malicious prosecution, must be dismissed as time-barred. Indeed, pursuant to GML § 50-i(1) and CPLR § 217-a, the statute of limitations to commence an action against the City of New York is one year and ninety days. An action is commenced when the defendant is served with the summons and complaint (*see* CPLR § 203[b]). In New York, a claim for false arrest and false imprisonment arises upon a plaintiff's release from custody (*see Nunez v. City of New York*, 307 AD2d 218, 219 [2003]).

In this case, plaintiff's state law causes of action for false arrest and false imprisonment accrued on April 25, 2016, when plaintiff was arraigned and released on his own recognizance. Likewise, under New York Law, plaintiff's claims for illegal search and seizure, assault and battery, and negligent hiring, training, retention, and supervision all accrued on April 24, 2016, the date of plaintiff's arrest (*see e.g., McElveen v Police Dept. of NY*, 70 AD2d 858, 858 [1st Dept 1979]["A cause of action for assault accrues on the date of the assault."]). As such, the statute of limitations expired on plaintiff's state law claims, excluding, malicious prosecution, on or before

**159452/2017 CARTAGENA, EDWIN vs. CITY OF NEW YORK** **Page 6 of 12**
**Motion No. 002**

6 of 12

July 24, 2017. Plaintiff, however, did not file the summons and complaint until October 24, 2017, roughly three months after the state law statute of limitations expired. Accordingly, all of plaintiff's state law claims, not including malicious prosecution, are dismissed as untimely and time-barred by the statute of limitations.

## B. Dismissal of Plaintiff's False Arrest and False Imprisonment Claims

As alluded to earlier, defendants submit that plaintiff's false arrest and false imprisonment claims under both federal and state law should be dismissed because there was probable cause to stop plaintiff pursuant to a lawful motorcycle checkpoint and arrest plaintiff for violating New York Penal Law § 195.05 Obstruction of Governmental Administration in the Second Degree. Defendants made a prima facie case in favor of this position by establishing that the facts leading up to plaintiff's arrest are largely indisputable. Indeed, defendants submit that plaintiff: 1.) was stopped pursuant to a motorcycle checkpoint; 2.) was informed that this was because his helmet was not approved; and 3.) admitted that he was not wearing a DOT-approved helmet. Based on this evidence, including plaintiff's own admissions and the video footage, defendants have made a prima facie showing entitling them to judgment in their favor.

However, in opposition, plaintiff raises triable issues of fact regarding defendants' assertions as to the existence of probable cause. Indeed, contrary to defendants' assertions, plaintiff argues that the checkpoint in question lacked a systematic and nonarbitrary process. Plaintiff highlights that Sergeant Lewis was equivocal during his EBT about the frequency and pattern of motorcycle stops, as he mentioned a varying range of stops during the checkpoint without recalling any established system or pattern. Plaintiff further underscores that Officer Rodriguez testified that officers were directed to stop every single motorcycle, irrespective of visible infractions, revealing a lack of discernment in the stopping criteria. Likewise, plaintiff notes further discrepancies evidenced by that Officer Nickey's testimony that motorcycles were passing the checkpoint without being stopped, further underscoring the absence of a coherent and uniform approach. This divergence raises material questions of fact concerning the checkpoint's propriety, and defendants' assertions that the stop and detention of plaintiff were conducted in a nonarbitrary and systematic manner. Recognizing, as this court observed above, that "issue finding, not issue determination, is the key to summary judgment" (*Rose*, 259 AD2d 258, *supra*) denial of defendants' application for dismissal of plaintiff's federal false arrest and false imprisonment claims is warranted.[1]

Likewise, all federal false arrest and false imprisonment claims cannot be dismissed on account qualified immunity as issues of fact exist with respect to the existence of "arguable probable cause" (*Carabello v. City of New York*, 526 Fed. Appx. 129, 131 [2d Cir. 2013][ Under federal law, to be entitled to qualified immunity on false arrest and false imprisonment claims, a defendant police officer must only demonstrate "arguable probable cause"]).

## C. Dismissal of Plaintiff's Excessive Force Claim

To establish a § 1983 claim for excessive force, a plaintiff must show that the force used was excessive or unreasonable considering the circumstances (*Lynch ex rel. Lynch v. City of Mt.*

---

[1] As previously mentioned, plaintiff's state false arrest and imprisonment claims have been dismissed as time-barred.

**159452/2017  CARTAGENA, EDWIN vs. CITY OF NEW YORK**                    **Page 7 of 12**
**Motion No.  002**

*Vernon*, 567 F. Supp. 2d 459, 468 [S.D.N.Y. 2008]). Reasonableness is measured using the objective reasonableness standard under the Fourth Amendment (*Graham v. Connor*, 490 U.S. 386, 396-97 [1989]). Objectively, the plaintiff must establish that the deprivation alleged is, "sufficiently serious," or "harmful enough," to reach constitutional dimensions (*Wilson v. Seiter*, 501 U.S. 294, 296 [1991]). Hence, a *de minimis* use of force will rarely suffice to state a constitutional claim (*Hudson v. McMillian*, 503 U.S. 1, 9 [1992]). In determining whether the use of force was reasonable, the trier of fact must allow for police officers' frequent need to make, "split-second" judgments about how much force is necessary "in circumstances that are tense, uncertain, and rapidly evolving" (*Graham v. Connor*, 490 U.S. 386, 396 [1989]).

Likewise, while a plaintiff may pursue constitutional causes of action against individual state actors, a plaintiff may not hold a municipality liable pursuant to 42 U.S.C. § 1983 under a theory of *respondeat superior* (*see Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 [1978]; *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 122 [2d Cir. 1991]). To "hold a municipality liable under section 1983 for the conduct of employees below the policymaking level, a plaintiff must show that the violation of his or her constitutional rights resulted from a municipal custom or policy" (*Vargas v. City of New York*, 105 AD3d 834, 837 [2d Dept 2013]).

In addition, to properly plead a § 1983 claim, a plaintiff must demonstrate that "[t]he conduct at issue [was] committed by a person acting under color of state law, and that the conduct deprived [the plaintiffs] of rights, privileges, or immunities secured by the Constitution or laws of the United States" (*Cornejo v. Bell*, 592 F.3d 121, 127 [2d Cir. 2010]).

Here, plaintiff failed to rebut defendants' prima facie showing regarding the absence of the use of excessive force by defendants. Indeed, recognizing the absence of any state law excessive force claims, at oral argument before the court on February 13, 2024, plaintiff focused on asserting a federal claim of excessive force to no avail. Indeed, to rebut defendants' prima facie showing, plaintiff contended that any physical undertaking, even as small as an incidental tripping, would suffice maintain the viability of an excessive force claim. Yet here, contrary to plaintiff's assertions, the record supporting a federal excessive force claim is absent, as no fact-finder could reasonably conclude that the actions undertaken by defendants were anything other than *de minimis*. Notably, plaintiff also only testified that Sergeant Lewis was the officer who used force against him by pushing plaintiff and lifting him up in the air with his arms behind his back. Sergeant Lewis, however, is not being sued for excessive force as this court ordered in its decision on plaintiff's motion to amend the caption to add Sergeant Lewis as a defendant that plaintiff's claims against Sergeant Lewis were limited only to a federal cause of action for malicious prosecution. It is undisputed based on the testimony and evidence that other defendants Officer Nickey and Officer Rodriguez were not involved in the use of force against plaintiff. And regarding Officer Meister, this court in its prior decision, like Sergeant Lewis, only allowed plaintiff to bring a cause of action for § 1983 malicious prosecution. Therefore, none of the named defendants can be held liable for excessive force under § 1983. As plaintiff's only claims as to excessive force relate to a defendant that plaintiff does not have a claim against (Sergeant Lewis) for excessive force, the claims are dismissed.

**D. Dismissal of Plaintiff's Malicious Prosecution Claim**

**159452/2017   CARTAGENA, EDWIN vs. CITY OF NEW YORK**                                     Page 8 of 12
**Motion No.  002**

[* 8]                                                     8 of 12

To maintain a cause of action based on malicious prosecution, plaintiff must prove the following elements: (1) the initiation of a criminal proceeding against the plaintiff, (2) the termination of the criminal proceeding in favor of the plaintiff, (3) lack of probable cause, and (4) malice (*Colon v. City of New York*, 60 NY2d 78 at 78 [1983]; *Broughton v. State of New York*, 37 NY2d 451, 457 [1975]). It is the plaintiff's burden to prove all these elements, and a failure to prove any one of the elements is fatal to a malicious prosecution claim (*see Hollender v. Trump Village Co-op., Inc.*, 58 NY2d 420, 461 [1983]). Further, "[i]n order to allege a cause of action for malicious prosecution under § 1983, [plaintiff] must assert, in addition to the elements of malicious prosecution under state law, that there was a sufficient post-arraignment liberty restraint to implicate the plaintiff's fourth amendment rights" (*Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 [2d Cir. 2000]).

Here, for the reasons articulated above, issues of fact exist with respect to the issue of probable cause. Notwithstanding, defendants have sufficiently shown the absence of actual malice, and plaintiff has failed to present evidence to the contrary. Actual malice "[m]eans that the defendant must have commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served" (*Nardelli v. Stamberg*, 44 NY2d 500, 502–503 [1978]). Actual malice has been described as "conscious falsity" (*Munoz v. City of New York*, 18 NY2d 6, 9 [1966]). Here, plaintiff has not discovered and cannot offer any evidence that defendants were compelled by a wrong or improper motive when they investigated and arrested plaintiff. Indeed, nothing in plaintiff's testimony can be inferred to make a showing of malice by the officers. Likewise, defendants have shown that they did not arrest plaintiff out of dishonesty or with improper motives, and plaintiff has failed to rebut that.

At oral argument on February 13, 2024, plaintiff's counsel claimed that "malice" could be inferred from the officers' "fabrication of the events." The court disagrees. Indeed, it is imperative to recognize that the divergent perspectives of law enforcement officers involved in an incident do not necessarily equate to a deliberate fabrication of events. As famously depicted in Akira Kurosawa's cinematic masterpiece, *Rashomon*, the concept of multiple truths arising from distinct vantage points is both timeless and universal. Just as the film's narrative unfolds through the lens of various characters, each presenting their own version of the same event, law enforcement officers, too, may perceive and recount incidents through their unique experiences, training, and situational awareness. It is essential for this court to acknowledge the inherent subjectivity in human observations and memory, and refrain from hastily characterizing conflicting accounts as intentional falsehoods. Rather, a nuanced examination of the differing perspectives should be undertaken, understanding that the truth may lie within the complex interplay of individual perceptions rather than an outright fabrication. This approach ensures a fair and just adjudication, upholding the principles of justice and the preservation of the rule of law.

Therefore, plaintiff's state and federal law claims for malicious prosecution are dismissed.

### E. Dismissal of Plaintiff's Claims for Unlawful Stop and Search under § 1983

Dismissal of plaintiff's claims for unlawful stop and search under § 1983 is denied, as issues of fact have been raised to defendants' prima facie showing regarding whether the stop of

**159452/2017   CARTAGENA, EDWIN vs. CITY OF NEW YORK**          **Page 9 of 12**
**Motion No.  002**

9 of 12

plaintiff's motorcycle was pursuant to a lawful checkpoint and that the search, therefore, was incident to a lawful arrest.

### F. Dismissal of Plaintiff's "Monell" Claim

It is well-established that while a plaintiff may pursue constitutional causes of action against individual state actors, a plaintiff may not hold a municipality liable pursuant to 42 U.S.C. § 1983 under a theory of *respondeat superior* (*see Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 [1978]; *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 122 [2d Cir. 1991]). To "hold a municipality liable under section 1983 for the conduct of employees below the policymaking level, a plaintiff must show that the violation of his or her constitutional rights resulted from a municipal custom or policy" (*Vargas v. City of New York*, 105 AD3d 834, 837 [2d Dept 2013]).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the United States Supreme Court clarified the standard to be used in determining the sufficiency of complaints in actions alleging an unconstitutional governmental policy. The Court established a two-pronged approach for courts deciding a motion to dismiss. First, the courts must "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" (*id.* at 679). Second, if the complaint contains "well-pleaded factual allegations," then, and only then, should the court "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief" (*id.*).

In the present case, plaintiff's grievance articulates solely general and conclusory assertions asserting a transgression of constitutional rights, attributing it to the City's alleged inadequacy in training and overseeing its law enforcement officers, coupled with an asserted omission to establish and enforce lawful policies. These sweeping legal contentions align closely with the type of abstract formulations disapproved by the United States Supreme Court in *Iqbal*. Consequently, this court is compelled to dismiss plaintiff's "Monell" claim, as it falls short of adhering to the stringent pleading mandates delineated in the *Iqbal* precedent.

### G. Dismissal of Plaintiff's Negligent Hiring, Training, and Retention Claim

Where an employee was acting within the scope of his employment at the time of the incident, potentially rendering the employer liable for damages caused by the employee under a theory of *respondeat superior*, no claim may proceed against the employer for negligent hiring and retention (*see Karoon v. New York City Tr. Auth.*, 241 AD2d 323 [1st Dept 1997]). Here, defendants, in their response to the amended complaint, underscored that the designated defendant officers were engaged within the bounds of their official duties at the time of plaintiff's apprehension. This acknowledgment, unchallenged by plaintiff, necessitates the dismissal of the causes of action asserting negligent hiring and retention. Indeed, at oral argument before the court on February 13, 2024, plaintiff's counsel conceded that plaintiff does not have a viable claim premised on negligent hiring and retention.

### H. Dismissal of Plaintiff's John and Jane Doe Officer Claims

**159452/2017   CARTAGENA, EDWIN vs. CITY OF NEW YORK**                          **Page 10 of 12**
**Motion No.  002**

10 of 12

Ultimately, plaintiff's assertions against the unidentified individuals denominated as JOHN AND JANE DOE OFFICERS are foreclosed, as these claims lack the requisite specificity to delineate any particular defendant. The inadequacy lies in the failure to articulate characteristics enabling an individual defendant, upon perusal of the complaint alone, to ascertain that they are indeed the intended party concealed under the generic appellation of JOHN AND JANE DOE OFFICERS.

Notwithstanding the provision accorded by CPLR § 1024 for the initiation of legal proceedings against an unidentified entity by disclosing the known aspects of its identity, such commencement is contingent upon the summons and complaint vividly portraying the unknown party to the extent that a cursory review thereof would alert the implicated "John Doe" to their status, a principle underscored in *Bumpus v. New York City Tr. Auth.*, 66 AD3d 26, 29 (2d Dept 2009).

Furthermore, pursuant to the dictates of CPLR § 306-b, plaintiff bore the onus of accomplishing service of process upon the JOHN AND JANE DOE OFFICERS within one hundred twenty (120) days from the initiation of the present action. Unfortunately, plaintiff faltered in meeting this mandated timeframe, neglecting to effectuate service within the prescribed period or thereafter. Consequently, the entirety of plaintiff's summons and complaint, including the amended summons and complaint, targeting all JOHN AND JANE DOE OFFICERS, stands dismissed.

## I. Unchallenged Claims

Finally, the court acknowledges that plaintiff has failed to oppose defendants' motion on several grounds, namely: 1.) pursuant to CPLR § 3211, seeking the dismissal of all state law causes of action, except malicious prosecution, as time-barred under GML § 50-E and CPLR § 217-A; pursuant to CPLR § 3212 and § 3211(a)(7), requesting summary judgment and/or the dismissal of plaintiff's 42 U.S.C § 1983 ("Monell") claim against the City, either for failure to state a claim or, alternatively, for an order bifurcating these claims at the time of trial; 3.) pursuant to CPLR § 3211(a)(7) and § 3212, seeking the dismissal of any negligent hiring, training, and retention claims, asserting that the named defendants were acting within the scope of their employment; 4.) pursuant to CPLR §§ 3125(c), 1024, and § 306(b), aiming to dismiss plaintiff's complaint in its entirety as against the JOHN AND JANE DOE officers; and 5.) pursuant to CPLR § 3211(a)(7), seeking the dismissal of all other causes of action as insufficiently pled.

Consequently, in addition to the foregoing reasons proffered, plaintiff's failure to respond to these claims necessitates dismissal (*Josephson LLC v Column Fin.. Inc.*, 94 AD3d 479 [1st Dept. 2012]). Accordingly, it is hereby

ORDERED that defendants' motion is granted to the extent that plaintiff's state law claims, not including malicious prosecution, are dismissed as untimely and time-barred by the statute of limitations; and it is further

ORDERED that defendants' motion is denied to the extent that issues of fact exist with respect to plaintiff's federal false arrest and false imprisonment claims; and it is further

**159452/2017   CARTAGENA, EDWIN vs. CITY OF NEW YORK**
**Motion No.  002**

Page 11 of 12

11 of 12

ORDERED that defendants' motion is granted to the extent that plaintiff's excessive force claims are dismissed in their entirety; and it is further

ORDERED that defendants' motion is granted to the extent that plaintiff's state and federal law claims for malicious prosecution are dismissed in their entirety; and it is further

ORDERED that defendants' motion is denied to the extent that dismissal of plaintiff's claims for unlawful stop and search under § 1983 is denied, as issues of fact have been raised to defendants' prima facie showing regarding whether the stop of plaintiff's motorcycle was pursuant to a lawful checkpoint and that the search, therefore, was incident to a lawful arrest; and it is further

ORDERED that defendants' motion is granted to the extent that plaintiff's "Monell" claim is dismissed in its entirety; and it is further

ORDERED that defendants' motion is granted to the extent that plaintiff negligent hiring, training, and retention claims are dismissed in their entirety; and it is further

ORDERED that defendants' motion is granted to the extent that plaintiff's claims against John and Jane Doe Officers are dismissed in their entirety; and it is further

ORDERED that defendants' motion is granted to the extent that the remaining unchallenged claims in defendants' motion, are dismissed.

This constitutes the decision and order of the court.

| 2/13/2024 | | HASA A. KINGO, J.S.C. |
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

**159452/2017   CARTAGENA, EDWIN vs. CITY OF NEW YORK**
**Motion No.  002**

Page 12 of 12

12 of 12