| |
|---|
| **Larrea v ODonnell** |
| 2024 NY Slip Op 33038(U) |
| August 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154029/2023 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. J. MACHELLE SWEETING**                    PART                    **62**

_____

                                                  ***Justice***

-------------------------------------------------------------------------------X

HOMMY LARREA,

|  |  |
|---|---|
| **INDEX NO.** | 154029/2023 |
| **MOTION DATE** | 11/30/2023 |
| **MOTION SEQ. NO.** | 001 |

                              Plaintiff,

                              - v -

NEIL R. ODONNELL, THE CITY OF NEW YORK

**DECISION + ORDER ON MOTION**

                              Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Plaintiff HOMMY LARREA alleges that on April 12, 2022, at approximately 3:48 pm, plaintiff was inside his vehicle, which was at a complete stop at a traffic light on Edgecombe Avenue at the intersection of West 155th Street in Manhattan. Defendant NEIL R. ODONNELL (the "City Driver"), a New York police officer, was stopped directly in front of plaintiff. Suddenly, and without warning, lights or sirens, the City Driver drove in reverse at a high speed and struck plaintiff's vehicle.

Plaintiff now moves for an order:

a. Pursuant to Civil Practice Law and Rules ("CPLR") Section 3212, granting the plaintiff summary judgment on the issue of liability against the City Driver and the CITY OF NEW YORK (collectively, the "City"); and

b. Pursuant to CPLR Section 3211(b), dismissing the City's affirmative defenses of comparative negligence, emergency defense, and lack of seatbelt on the ground that they have no merit.

[* 1]

Standard for Summary Judgment

The function of the court when presented with a motion for summary judgment is one of issue finding, not issue determination (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]; Weiner v. Ga-Ro Die Cutting, Inc., 104 A.D.2d331 [Sup. Ct. App. Div. 1st Dept. 1985]). The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (Alvarez v. Prospect Hospital, 68 N.Y.2d 320 [NY Ct. of Appeals 1986]; Winegrad v. New York University Medical Center, 64 N.Y.2d 851 [NY Ct. of Appeals 1985]). Summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be scrutinized carefully in a light most favorable to the non-moving party (Assaf v. Ropog Cab Corp., 153 A.D.2d 520 [Sup. Ct. App. Div. 1st Dept. 1989]). Summary judgment will only be granted if there are no material, triable issues of fact (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]).

The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and failure to make such *prima facie* showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (Alvarez v Prospect Hosp., 68 NY2d 320 [N.Y. Ct. of Appeals 1986]).

[* 2]

Further, pursuant to the New York Court of Appeals, "We have repeatedly held that one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v City of New York, 49 NY2d 557 [N.Y. Ct. of Appeals 1980]).

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction […] We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83 [NY Ct. of Appeals 1994]).

Arguments Made by the Parties

Plaintiff argues that he is entitled to summary judgment as a matter of law because it is well settled that a driver who strikes another vehicle while operating in reverse is in violation of the Vehicle and Traffic Law ("VTL"). Plaintiff also argues that the affirmative defenses of comparative negligence, emergency defense, and lack of seatbelt should be stricken on the ground that they have no merit, as plaintiff was stopped directly behind the City defendant's vehicle and plaintiff had neither the time nor the ability to engage in evasive maneuvers, as the City driver was backing up at a high rate of speed and was just one car length away. In support of these arguments, plaintiff submits his sworn Affidavit (NYSCEF Doc. No. 10), which states in part:

[* 3]

6. I was wearing my seatbelt at the time of the accident and there were no passengers in my vehicle.

[…]

8. At the time of accident, I was the first vehicle at the traffic light and was fully stopped for at least one minute when I was struck in the rear by the defendant's vehicle without warning.

9. The defendant operator of the vehicle that struck me in the rear was a Hispanic male who had a female passenger in the vehicle. The defendant approached me immediately after the impact and apologized, stating he was looking down at his GPS.

The City filed an Affirmation in Partial Opposition (NYSCEF Doc. No. 12) wherein they take no position on the issue of fault. However, the City argues that plaintiff has neither proven with credible evidence that he has met the requisite threshold for damages in this action, nor has plaintiff demonstrated that he sustained a "serious injury" as defined in Insurance Law 5102(d). Further, the City argues, plaintiff has not established a causal link between the collision and his alleged injuries. The City argues that if the court were to grant plaintiff's motion, the court should include the following language in the order:

Plaintiff's motion for partial summary judgment solely on the issues of liability and comparative fault is granted. The question of serious injury, damages, and causation of damages are reserved for future motion practice or trial.

Conclusions of Law

As plaintiff properly argues, the City did not oppose or even address the second branch of the motion where plaintiff seeks to dismiss the defendants' affirmative defenses of comparative negligence, emergency defense, and lack of seatbelt. The court also notes that plaintiff stated in his Affidavit that he was wearing a seatbelt and that his vehicle was stopped when the City vehicle backed into it. The City did not submit any Affidavit from the Driver or dispute plaintiff's version

[* 4]

of the facts regarding the accident. There is also no suggestion on this record that the City vehicle was engaged in any type of emergency response. Accordingly, plaintiff's is granted.

As to the issues of serious injury, damages, and causation, these issues were not argued in plaintiff's motion and are not, therefore, addressed herein but are preserved for future motion practice or trial.

It is hereby:

**ORDERED** that this motion is GRANTED as set forth above.

_____8/27/2024_____
**DATE**

_____
**J. MACHELLE SWEETING, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | x | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 5]