| |
|---|
| **Jong Hoon Lee v City of New York** |
| 2024 NY Slip Op 33034(U) |
| August 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151220/2023 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    <u>**HON. J. MACHELLE SWEETING**</u> | **PART**    **62** |
| *Justice* | |

-------------------------------------------------------------------------------X

JONG HOON LEE,

                  Plaintiff,

           - v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF SANITATION, ABAYOMI BAPTISTE

              Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | <u>151220/2023</u> |
| **MOTION DATE** | <u>03/28/2024</u> |
| **MOTION SEQ. NO.** | <u>001</u> |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25

were read on this motion to/for                 <u>            JUDGMENT - SUMMARY            </u>.

In the underlying action, plaintiff alleges that at 7:26 a.m. on November 1, 2022, as his vehicle came to a complete stop at a red traffic light, he was rear-ended by a vehicle owned by defendant THE CITY OF NEW YORK/THE NEW YORK CITY DEPARTMENT OF SANITATION and operated by defendant ABAYAOMI BAPTISTE (the "City Driver"). The defendants are referred to herein collectively as the "City."

Now pending before the court is a motion where plaintiff seeks an order:

(a) Pursuant to Civil Practice Law and Rules ("CPLR") 3212, granting plaintiff summary judgment against defendants on the issue of liability; and

(b) pursuant to CPLR 3212, deeming it established that there are no issues of comparative negligence regarding the plaintiff as a matter of law, and dismissing defendants' Affirmative Defenses of Culpable Conduct and Assumption of the Risks.

**151220/2023   LEE, JONG HOON vs. THE CITY OF NEW YORK ET AL**             **Page 1 of 5**
**Motion No. 001**

1 of 5

[* 1]

Standard for Summary Judgment

The function of the court when presented with a motion for summary judgment is one of issue finding, not issue determination (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]; Weiner v. Ga-Ro Die Cutting, Inc., 104 A.D.2d331 [Sup. Ct. App. Div. 1st Dept. 1985]).  The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (Alvarez v. Prospect Hospital, 68 N.Y.2d 320 [NY Ct. of Appeals 1986]; Winegrad v. New York University Medical Center, 64 N.Y.2d 851 [NY Ct. of Appeals 1985]). Summary judgment is a drastic remedy that deprives a litigant of his or her day in court.  Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be scrutinized carefully in a light most favorable to the non-moving party (Assaf v. Ropog Cab Corp., 153 A.D.2d 520 [Sup. Ct. App. Div. 1st Dept. 1989]).  Summary judgment will only be granted if there are no material, triable issues of fact (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]).

The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and failure to make such *prima facie* showing requires a denial of the motion, regardless of the sufficiency of the opposing papers.  Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (Alvarez v Prospect Hosp., 68 NY2d 320 [N.Y. Ct. of Appeals 1986]).

**151220/2023   LEE, JONG HOON vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 2 of 5**

2 of 5

[* 2]

Further, pursuant to the New York Court of Appeals, "We have repeatedly held that one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v City of New York, 49 NY2d 557 [N.Y. Ct. of Appeals 1980]).

Arguments Made by the Parties

Plaintiff argues that the City Driver acknowledged complete responsibility for this incident during his examination before trial (EBT), when he admitted that he was following too closely to the rear of plaintiff's vehicle. Plaintiff argues that the admissible evidence demonstrates that plaintiff's vehicle was at a complete stop at a traffic light when the City vehicle struck it from behind. Plaintiff argues that the City Driver's actions were the sole cause of this collision and, as such, summary judgment on the issue of liability is clearly warranted as a matter of law. In support of these arguments, plaintiff submitted, *inter alia*, a copy of the transcript from the City Driver's EBT (NYSCEF Doc. No. 22), which stated in part (p. 95):

> Q. Can you read the portion that's in your handwriting?
> A. So it says, "I was going southbound on Columbus Avenue. Driver 2 came to a complete stop at a yellow light. I pressed the brakes. The tires started skidding on the wet floors and hit the back of driver 2's vehicle."
> Q. Okay. And again, do you believe that still to be an accurate statement?
> A. Correct.
> Q. As we discussed earlier, because of the weight of your vehicle, because of the wetness of the roads, unfortunately, you just didn't leave enough distance to stop before this incident occurred; is that correct?
> […]
> A. Now, being more experienced in the vehicle, yes, I believe I should have had more distance.

**151220/2023 LEE, JONG HOON vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 3 of 5**

3 of 5

[* 3]

The City filed an "Affirmation in Partial Opposition" (NYSCEF Doc. No. 25) wherein they take no position on the issue of fault, but argue that plaintiff failed to argue or otherwise demonstrate that he sustained a "serious injury" as defined in Insurance Law 5102(d). The City also argues that there is no causal link between the accident and the injuries plaintiff allegedly sustained. Accordingly, the City argues, even if this motion were granted on the issue of liability, all other factual issues regarding injuries and causation must be determined at the time of trial, and the court should permit discovery to continue on the issues of causation and serious injury.

Conclusions of Law

This court notes that the City did not oppose or even address the second branch of the motion where plaintiff seeks to dismiss defendants' affirmative defenses of Culpable Conduct and Assumption of the Risks. Thus, this branch of plaintiff's motion is GRANTED. Furthermore, the City did not dispute the central facts of this case, namely that the City Driver was driving too closely to plaintiff's vehicle, and the City vehicle struck plaintiff's vehicle in the back after plaintiff had come to a complete stop. Therefore, this branch of plaintiff's motion on the issue of liability is GRANTED.

**151220/2023   LEE, JONG HOON vs. THE CITY OF NEW YORK ET AL**                        **Page 4 of 5**
**Motion No.  001**

[* 4]

4 of 5

As to the issue of damages, plaintiff did not argue or request a decision on the issues of serious injury or causation which are not, therefore, addressed herein and are reserved for trial or further dispositive motions. Based on the record in this case, it is hereby:

**ORDERED** that plaintiff's motion is GRANTED for all the reasons set forth above.

| 8/27/2024 | | | | |
| --- | --- | --- | --- | --- |
| **DATE** | | | **J. MACHELLE SWEETING, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | **x** | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151220/2023   LEE, JONG HOON vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 5 of 5**

5 of 5

[* 5]