■ YAFA ASSAF et al., Plaintiffs, and SHARON WOLFF et al., Appellants, v ROPOG CAB CORPORATION et al., Respondents.— Judgment, Supreme Court, New York County (Martin Evans, J.), entered November 1, 1988, which granted the motion of defendants, Ropog Cab Corporation and Mr. Hussein M. Motawe, and the cross motion of defendants, Ms. Michelle Reichstein and Mr. Robert Reichstein, for summary judgment to dismiss the complaint, is unanimously reversed, on the law and on the facts, motion and cross motion are denied, and the complaint of plaintiffs, Ms. Sharon Wolff and Ms. Beth Reichman, is reinstated, without costs. Appeal from the order of the same court and Justice, entered August 12, 1988, is dismissed as subsumed under the appeal from the judgment, entered November 1, 1988, without costs.

On the evening of December 11, 1985, Ms. Sharon Wolff and Ms. Beth Reichman were passengers in a taxicab owned by Ropog Cab Corporation (Ropog) and operated by Mr. Hussein M. Motawe, when it collided with a motor vehicle owned by Ms. Michelle Reichstein and operated by Mr. Robert Reichstein at the intersection of 11th Avenue and West 40th Street, New York County. Since Ms. Wolff and Ms. Reichman were injured in this accident, they commenced separate personal injury actions, in 1986, against Ropog, Mr. Motawe, Ms. Reichstein and Mr. Reichstein (defendants) to recover damages. Subsequently, those two actions were consolidated by order of the Supreme Court, New York County (Martin Evans, J.), dated April 14, 1987.

Following the joinder of issue, service of bills of particulars by the plaintiffs, and after some discovery, defendants moved and cross-moved, pursuant to Insurance Law §§ 5102 and 5104, for summary judgment to dismiss the consolidated complaint, upon the ground that plaintiffs, Ms. Wolff and Ms. Reichman, allegedly had not suffered serious injuries in the accident. Plaintiffs opposed. Trial court granted the motion and cross motion, and dismissed the complaint.

Our review of the record indicates that plaintiffs, Ms. Wolff and Ms. Reichman, who were both approximately 18 years old and students at the time of the accident, have presented medical evidence which supports their contention that they suffered serious injuries. This medical evidence consists of, as follows: (1) an affirmation from Dr. Robert H. Feldman, who is an orthopaedic surgeon, in which he stated, in pertinent part, that as a result of the accident, Ms. Wolff sustained "synovitis of right knee with internal derangement and possible torn medial meniscus, traumatic arthritis of carpometacarpal joint. As a consequence of these injuries, [Ms. Wolff] has chronic problems with her right knee and her right hand. Surgery may be indicated in the future for the tenderness in the carpometacarpal joint. With respect to the knee, the prognosis is poor and without intervention surgically, it is doubtful that her condition will improve"; (2) a medical report from Mr. David O. Koretz, in which he stated, in substance, he found that as a result of the accident, Ms. Wolff suffered a contusion of the right knee, with possible internal derangement, and, therefore, he discussed with her the need for an arthrogram and arthroscopic surgery to correct that condition; and, (3) an affirmation from Dr. Nicholas G. Stratigakis, who is an orthopaedic surgeon, in which he stated, in pertinent part, that, as a result of the accident, Ms. Reichman sustained a lumbar spine sprain, and, bulging discs at "L4-5 and L5-S1. * * * As a consequence of these injuries, [Ms. Reichman] has chronic problems with her back constituting a significant impairment of function and use. She has a partial and permanent disability with respect to her lumbar spine".

Based upon our examination of the record, we find the defendants have not offered any medical evidence, in support of their motion and cross motion for summary judgment, to rebut the medical evidence of the plaintiffs, discussed *supra.* It has been held that the proof of a party opposing summary judgment must be accepted as true and considered most favorable to it *(Strychalski v Mekus,* 54 AD2d 1068, 1069 [1976]).

It is hornbook law that "[t]he function of summary judgment is issue finding, not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Allied Control Co. v C. F. A. Graphics,* 43 AD2d 678; *175 Check Cashing Corp. v Chubb Pac. Indem. Group,* 95 AD2d 701). On such a motion the court should draw all reasonable inferences in favor of the nonmoving party *(Robinson v Strong Mem. Hosp.,* 98 AD2d 976) and should not pass on issues of credibility *(Capelin*

*Assoc. v Globe Mfg. Corp.,* 34 NY2d 338)" *(Pantote Big Alpha Foods v Schefman,* 121 AD2d 295, 296-297 [1st Dept 1986]).

We stated in *Gibson v American Export Isbrandtsen Lines* (125 AD2d 65, 74 [1st Dept 1987]) that "[a]s repeatedly held, the remedy of summary judgment is a drastic one, which should not be granted where there is any doubt as to the existence of a triable issue *(Moskowitz v Garlock,* 23 AD2d 943, 944) or where the issue is even arguable *(Barrett v Jacobs,* 255 NY 520, 522), since it serves to deprive a party of his day in court. Relief should be granted only where no genuine, triable issue of fact exists *(see, Werfel v Zivnostenska Banka,* 287 NY 91)".

Defendants contend that the examinations before trial (EBT) of plaintiffs, Ms. Wolff and Ms. Reichman, which indicate, *inter alia,* that, after the accident, the plaintiffs resumed their normal activities, such as skiing, ballet classes, and serving as a summer lifeguard, lead to the conclusion that plaintiffs did not suffer serious injuries, as defined in Insurance Law § 5102. We reject this contention, since we do not find that these EBT statements, at this pretrial stage of the proceeding, invalidate the plaintiffs' medical evidence that they suffered serious injuries.

Applying the legal authority, *supra,* concerning summary judgment, to the plaintiffs' medical evidence, we find that evidence raises "a triable issue concerning serious injury" *(DeFreese v Ryan Sanitation Corp.,* 125 AD2d 289 [1986]).

In view of our analysis *supra,* we find the trial court erred in granting defendants' motion and cross motion for summary judgment.

Accordingly, we reverse, deny the motion and cross motion, and reinstate the complaint.

We have considered the other contentions of the parties, and we find them to be without merit. Concur—Murphy, P. J., Ross, Asch, Rosenberger and Wallach, JJ.