| |
|---|
| **Popcorn & Soda Assets LLC v New York CI LLC** |
| 2024 NY Slip Op 30555(U) |
| February 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652468/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**

*Justice*

PART        11M

-----------------------------------------------------------------------------X

POPCORN & SODA ASSETS LLC

INDEX NO.        652468/2023

Plaintiff,

MOTION DATE        10/05/2023

- v -

MOTION SEQ. NO.        001

NEW YORK CI LLC,

Defendant.

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, plaintiff's motion for summary judgment is granted.

Background

Plaintiff commenced this action to recover for alleged unpaid rent pursuant to a commercial lease agreement. Plaintiff moves for summary judgment on the grounds that there is no genuine issue of material fact demonstrated by the non-moving party. Defendants oppose the instant motion.

Plaintiff is the owner of a commercial building located at 267-273 West 22nd Street and 256-262 West 23rd Street, New York, New York 10011. The original lease was entered into on November 1, 1986, between plaintiff landlord's predecessor and defendant tenant's predecessor. The lease was thereafter assigned to plaintiff and defendant as landlord and tenant, respectively. The lease was amended on February 28, 2012 and on April 1, 2020 for a term ending October 31, 2027. Defendant was evicted from the Premises on April 6, 2023, pursuant to a final judgment of possession and warrant of eviction issued to Landlord in a summary nonpayment proceeding in New York City Civil Court.

652468/2023   POPCORN & SODA ASSETS LLC vs. NEW YORK CI LLC          Page 1 of 4
Motion No.  001

1 of 4

Plaintiff seeks $2,561,269.96 in liquidated damages for arrears, real estate taxes, late charges and billbacks. Plaintiff alleges as of the date of Tenant's eviction from the Premises, Tenant owed Rent of $1,806,672.11 yet is now liable for rent and additional rent and liquidated damages of $2,561,269.96 through October 2023. Defendants' affirmative defenses and counterclaims assert plaintiff is not liable as Landlord was obligated to provide tenant quiet enjoyment of the premises and failed to do so because the foundation of the premises was damages or structurally unsound.

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.,* 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

Plaintiff's main argument in support of its motion, is the unambiguous language of the lease. In opposition, defendant argues plaintiff's motion is premature as discovery has not been conducted and further that plaintiff's claims are barred by res judicata.

Primarily, the Court rejects defendant's argument that plaintiff's claim is barred by res judicata. Res judicata applies only when a claim *between* the parties has been previously 'brought to a final conclusion." (*Simmons v. Trans Express Inc.,* 37 N.Y.3d 107 [2021]). Here, defendant did not appear in the nonpayment proceeding and damages were not an adjudicated issue. As

652468/2023   POPCORN & SODA ASSETS LLC vs. NEW YORK CI LLC          Page 2 of 4
Motion No.  001

2 of 4

[* 2]

such, plaintiff's claims are not barred by res judicata, as the merits of plaintiff's damages were not directly litigated between the parties.

As to defendants' contention that it is excused from its obligations under the lease because plaintiff is responsible for of the defective conditions of the premises, the Court rejects this argument as contrary to the plain language of the lease. Article 12.4 of the lease provides that maintenance and repair of the building's foundation is tenant's obligation. Defendants' allegations that "the foundation of the premises was damaged or structurally unsound" thus fall squarely under Section 12.4 of the lease. While defendant argues plaintiff has violated Article 25 of the lease entitling it to quiet enjoyment of the premises, defendant has failed to allege such conduct. Defendants' counterclaims and affirmative defenses rely on this contention and are therefore dismissed.

The Court finds that the unambiguous and undisputed language of the lease and the undisputed fact that defendant ceased paying rent as was evicted is sufficient to establish plaintiff's *prima facie* entitlement to judgment as a matter of law. Defendant has failed to raise a triable issue of fact. The defendant's conclusory and non-specific arguments that more discovery is needed are unavailing.

Accordingly, it is hereby,

ORDERED that plaintiff's motion for summary judgment is granted as to liability; and it is further

ORDERED that an assessment of damages against defendant is directed, and it is further

ORDERED that a copy of this order with notice of entry be served by the movant upon the Clerk of the General Clerk's Office, who is directed, upon the filing of a note of issue and a

**652468/2023  POPCORN & SODA ASSETS LLC vs. NEW YORK CI LLC**
**Motion No.  001**

**Page 3 of 4**

certificate of readiness and the payment of proper fees, if any, to place this action on the appropriate trial calendar for the assessment hereinabove directed; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website.

20240221131533LFRANK44B55279EE8141769532F07E86BABB84

| 2/21/2024 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **LYLE E. FRANK, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652468/2023   POPCORN & SODA ASSETS LLC vs. NEW YORK CI LLC**
Motion No.  001

Page 4 of 4

4 of 4