| |
|---|
| **Brown v 39 Spring St. LLC** |
| 2024 NY Slip Op 33319(U) |
| September 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652336/2022 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   __HON. LYLE E. FRANK__                PART          **11M**

*Justice*

-----------------------------------------------------------------------X

LAURA C. BROWN,

                            Plaintiff,

                    - v -

39 SPRING STREET LLC, 39 SPRING HOLDINGS LLC

                            Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652336/2022 |
| **MOTION DATE** | 03/15/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

This action arises out of a non-payment of a promissory note (the "Note") that is alleged to be due and payable. Defendant moves for summary judgment seeking dismissal of plaintiff's complaint. Plaintiff opposes and cross-moves for summary judgment. For the reason set forth below, plaintiff's motion is denied and defendant's motion is granted[1].

Background

Plaintiff was married to non-party George Brown, who was the seller of the ground floor commercial cooperative unit located at 39 Spring Street. Defendant, 39 Spring Holdings, as buyer, and Mr. Brown, entered into a contract of sale for the unit. Through an agreement between plaintiff and Mr. Brown, Mr. Brown was to provide plaintiff half of the proceeds of the sale of the unit. A separate agreement was made between Mr. Brown and defendant in that two

---

[1] The Court would like to thank Sophia Hartman and Zachary Hoffman for their assistance in this matter.

**652336/2022 Motion No. 003**                                        **Page 1 of 5**

promissory notes were issued, one to plaintiff for $1.1 million and the other to Mr. Brown, for the same amount.

On the date of the closing, plaintiff was presented with a check, in the amount of $1,023,916.10 and a note for $1.1 million. As negotiated by defendant and Mr. Brown, the terms of the note provide in part that

> [T]he amount of $1,100,000, upon which interest will accrue at 2 percent per year. Borrower agrees to pay interest at its sole discretion on a monthly/quarterly/annually and any remaining principal balance plus accrued interest 90 business days after a long term tenant has taken possession and began rent payments for the ground floor retail unit at 39 Spring Street New York NY. Payments shall be first applied to interest and then to the principal.

To date, plaintiff has not been paid on the note.

Standard of Review

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

Discussion

[* 2]

Defendant seeks dismissal of plaintiff's complaint on the grounds that a condition precedent has not been satisfied, namely a long-term tenant has not taken possession of the premises, thus the obligation to pay under the note has not yet occurred.

In opposition and in support of its cross-motion for summary judgment, plaintiff contends that the meaning of a long-term tenant is ambiguous and contends that because that term is not defined in the note, the Court should resolve he ambiguity in plaintiff's favor and determine that the condition has already been met. Plaintiff contends that the condition precedent was satisfied in 2018. First, in April 2018, Soho Strength Lab, a gym, signed a lease for approximately 2/3 of the entire space and took possession and began paying rent. Then, in May 2018, Vuarnet, a French eyewear and lifestyle brand signed a lease for the remainder of the space. It also took possession and began paying rent. Plaintiff contends that both were multi-year leases by long term tenants, as both leases were for seven years.

Alternatively, plaintiff contends that by defendant selling a portion of the ground floor, it breached the covenant of good faith and fair dealing and frustrated the purpose of the note and prevented the condition precedent from being met. Defendant responds that the sale does not render performance of the note impossible and that plaintiff has failed to establish an underlying contract that warrants the application of a breach of the covenant of good faith and fair dealing.

To state a claim for breach of contract, a plaintiff must allege: (1) the parties entered into a valid agreement, (2) plaintiff performed, (3) defendant failed to perform, and (4) damages. *VisionChina Media Inc. v Shareholder Representative Servs., LLC*, 109 A.D.3d 49, 58 [1st Dept 2013].

It is well established that all contracts contain Pursuant to that covenant of good faith and fair dealing, "even an explicitly discretionary contract right may not be exercised in bad faith so

as to frustrate the other party's right to the benefit under the agreement" (*Richbell Info. Servs. v Jupiter Partners, L.P.*, 309 AD2d 288, 302 [1st Dept 2003]).

First as to plaintiff's cross-motion for summary judgment, the Court finds that plaintiff has failed to establish entitlement to judgment as a matter of law. As an initial matter, plaintiff does not submit any admissible evidence to establish a contract as a matter of law. Plaintiff admits that she did not negotiate either the sale of the co-op unit, which was admittedly in the name of her ex-husband, non-party George Brown, nor was she involved in the negotiation in the terms of the note. At best, plaintiff is a third-party beneficiary of the contract made between the non-party and the defendant, however other than the note, plaintiff has not provided any other admissible evidence establishing a contract.

Moreover, as the alternative cause of action of the breach of good faith and fair dealing, plaintiff similarly fails to establish this cause of action. Even assuming that for the purposes of this analysis an enforceable contract exists between the plaintiff and the defendant, the sale of a portion of the commercial unit was not prohibited by the note, nor does not render the ability to lease the remaining portion, as was previously done, to a long-term tenant incapable of being performed.

Conversely, the Court finds that defendant has established its entitlement to judgment as a matter of law. Contrary to the plaintiff's assertions, that the issue of a definition of a long-term commercial tenancy is not defined in the note and that any ambiguity as to that term should be construed in its favor, there is admissible evidence that has not been refuted to define that term to mean a tenancy of at least 10 years. Despite plaintiff's repeated contentions regarding non-party George Brown's silence regarding the note, there is an affidavit of Mr. Brown, to support defendant's contention that the parties intent when forming the agreement was that a long-term

tenancy is a term of at least 10 years.  *See* NYSCEF Doc. 77. Thus, defendant has established, and plaintiff has failed to rebut that the condition precedent has not yet been satisfied to trigger enforcement of the note.  The Court has reviewed plaintiff's remaining contentions and finds them unavailing.  Accordingly, it is hereby

ORDERED that the complaint is dismissed in its entirety.

20240920121334LFRANK3399A53313BC4B66965803882E736BD7

| 9/20/2024 | | LYLE E. FRANK, J.S.C. |
| DATE | | |

CHECK ONE:    [X] CASE DISPOSED    [ ] NON-FINAL DISPOSITION

            [X] GRANTED    [ ] DENIED    [ ] GRANTED IN PART    [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE