# A.M. Richardson, III, LLC v Iron Oak, Inc.

## 2024 NY Slip Op 33464(U)

### September 27, 2024

### Supreme Court, New York County

### Docket Number: Index No. 651250/2023

### Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

------------------------------------------------------------------------------X

A. M. RICHARDSON, III, LLC,

                Plaintiff,

                - v -

IRON OAK, INC.,RAJIV GOSAIN

                Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 11M |
| INDEX NO. | 651250/2023 |
| MOTION DATE | 04/26/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 111

were read on this motion to/for            JUDGMENT - SUMMARY        .

This action arises out of allegations that defendants failed to pay for services rendered. Plaintiff now moves for summary judgment on its two causes of action, services rendered and account stated. Defendant[1], Iron Oak Inc., opposes the motion and cross-moves for summary judgment, For the reasons set forth below, plaintiff's motion for summary judgment is granted in part and defendant's cross-motion for summary judgment is denied.

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a

---

[1] Although plaintiff's motion seeks judgment as against defendants, there is no affidavit of service provided as defendant Rajiv Gosain, and the answer of the appearing defendant is submitted only on behalf of Iron Oak Inc.

**651250/2023 Motion No. 001**

**Page 1 of 4**

[* 1]

drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

The complaint alleges that the parties entered into both express and implied contracts, that plaintiff provided services to defendants based on those contracts and that defendants have failed to compensate plaintiff for the services provided. The primary opposition to plaintiff's motion is the allegation that plaintiff committed legal malpractice and thus is not entitled to the amount of legal fees sought.

Defendant's answer contains affirmative defenses and counter claims. Specifically, defendants allege lack of personal jurisdiction based on improper service; failure to state a cause of action; statute of frauds; alleged objections to the account stated; failure of plaintiff to "cooperate with defendants' insurer"; letter of engagement was unenforceable; failure to name a necessary party; excessive fees; collateral estoppel; payment; unclean hands; failure to mitigate; and the counterclaim of legal malpractice.

Plaintiff's first cause of action, for services rendered, requires an itemized statement pursuant to CPLR § 3016 (f). In support of its motion, plaintiff cites to the complaint and purported exhibits attached thereto, to support the contention it has satisfied the requirements of CPLR § 3016 (f), by setting "forth and number in his verified complaint the items of his claim and the reasonable value or agreed price of each." Id. Plaintiff further contends, that because defendant's answer failed to specifically object to the items in the complaint and annexed invoices, they are deemed admitted and the general denials in the answer are insufficient to raise any triable issues of fact.

[* 2]

There are no such itemized statements specifically in the complaint nor attached thereto requiring defendant to provide specific objections. While in support of its motion, plaintiff annexed the complaint and the invoices and retainer agreement, those exhibits were not filed with its complaint, *see* NYSCEF Doc. 2. Thus, defendant's denials are sufficient as plaintiff has failed to establish a prima facie entitlement to judgment as a matter of law as to the first cause of action. Accordingly, that portion of plaintiff's motion is denied.

Plaintiff's second cause of action alleges account stated. Plaintiff may establish an account stated by any one of three alternative means: (1) the retention of bills without objection for a reasonable period of time, (2) partial payment, or (3) the defendant's acknowledgment of the debt. *See Rosenman Colin Freund Lewis & Cohen v Neuman*, 93 AD2d 745, 746 [1st Dept 1983] (account stated established by receiving and retaining bills without any timely objection); *Liddle O'Connor, Finkelstein & Robinson v Koppelman*, 215 AD2d 204 [1st Dept 1995] (account stated based only on partial payment); *Bracken & Margolin, LLP v Schambra*, 270 AD2d 221 [2d Dept 2000] (account stated based on retention of invoices without objection and acknowledgment of obligation to pay).

Plaintiff has established a *prima facie* showing of account stated. The complaint alleges that invoices were sent and defendant did not object. Plaintiff annexes the subject invoices, and defendant does not dispute that they were sent and retained, rather defendant contends that objections were made. Defendant attaches emails that defendant contends object to the subject invoices; however, they only contain statements such as "need to talk to resolve" *see* NYSCEF Doc. 42. There is no admissible evidence submitted to establish that any timely objections were made to the invoices. Accordingly, plaintiff's motion for summary judgment on its second cause of action for account stated is granted.

**651250/2023 Motion No. 001**

**Page 3 of 4**

[* 3]

Plaintiff has established, and defendant has failed to sufficiently rebut that its affirmative defenses are without merit, and many fail to state a cause of action.  Accordingly, defendant's affirmative defenses are dismissed.

As to defendant's cross-motion seeking dismissal of the complaint, defendant has failed to establish entitlement to the relief sought.  Further, the Court notes that the allegations of plaintiff's alleged legal malpractice is not a sufficient defense to the account stated cause of action. The Court does note however, that defendant's counterclaim alleging legal malpractice survives the instant motion practice. Accordingly, it is hereby

ADJUDGED that the motion for summary judgment on the services rendered cause of action is denied; and it is further

ADJUDGED that the cross motion seeking dismissal of the complaint is denied; and it is further

ORDERED that the motion for summary judgment on account stated cause of action is granted; and it is further

ORDERED that the Clerk is directed to enter judgment in favor of plaintiff as against defendant Iron Oak Inc. in the amount of $68,925.15.

20240930093055LFRANK31428780991C491BA61C1568E47CEFB9

| | |
|---|---|
| **9/27/2024** | |
| **DATE** | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]