**Diaz v New Water St. Corp.**

2024 NY Slip Op 33665(U)

October 16, 2024

Supreme Court, New York County

Docket Number: Index No. 157308/2019

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**     PART     **11M**

*Justice*

---------------------------------------------------------------------------X

JUAN DIAZ,

        Plaintiff,

- v -

NEW WATER STREET CORP., EMBLEM HEALTH
SERVICES COMPANY LLC,

        Defendant.

---------------------------------------------------------------------------X

NEW WATER STREET CORP., EMBLEM HEALTH
SERVICES COMPANY LLC

        Plaintiff,

-against-

PJ MECHANICAL SERVICE & MAINTENANCE CORP.,
DELTA SHEET METAL CORP., AND

        Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157308/2019 |
| MOTION DATE | 04/29/2024, 04/29/2024 |
| MOTION SEQ. NO. | 005 006 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595845/2021

The following e-filed documents, listed by NYSCEF document number (Motion 005) 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 206, 207, 208, 211

were read on this motion to/for            JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 205, 209, 210

were read on this motion to/for            JUDGMENT - SUMMARY        .

This action arises out of injuries allegedly sustained by plaintiff, while employed by

Delta Sheet Metal Corp. Third-party defendants, PJ Mechanical Service & Maintenance Corp.

("PJ Mechanical"), PJ Mechanical Service & Maintenance LLC ("PJ Mechanical LLC"), Delta

Sheet Metal Corp. ("Delta") and Delta Sheet Metal LLC ("Delta LLC")[1] move for summary judgment, motion sequence 005, seeking dismissal of the third-party complaint in its entirety. Third-party plaintiffs, New Water Street Corp. and Emblem Health Services Company LLC, oppose the instant motion and separately move for summary judgment, motion sequence 006, on its claims. For the reasons set forth below, third-party defendants' motion for summary judgment is granted and third-party plaintiffs' motion for summary judgment is denied.

## Summary Judgment Standard

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

*Discussion*

Plaintiff was employed by Delta Sheet Metal on the date of the accident. Plaintiff was engaged in what he described as cut and cap work, which requires cutting the ductwork and then patching it to close it up. *See* NYSCEF Doc. 181. Plaintiff had just finished making a cut to the ductwork when the accident occurred. *Id*.

---

[1] Neither third-party defendant PJ Mechanical LLC, nor Delta LLC, have appeared in this action, thus the motion for summary judgment against these entities is denied. See CPLR

[* 2]

Defendants/third-party plaintiffs commenced a third-party action against third-party defendants PJ Mechanical, and Delta asserting causes of action for contribution, common law and contractual indemnification, breach of contract for failure to procure necessary insurance, and recovery of attorneys' fees and costs incurred in the defense of this action.

Third-party plaintiffs' main contention in support of its motion for summary judgment is that since plaintiff's incident arose out of his work for Delta Sheet Metal, who was performing work for PJ Mechanical, and that defendants/third-party plaintiffs were not responsible for plaintiff's alleged injuries, they are entitled to summary judgment on their claims and dismissal of PJ Mechanical and Delta Sheet Metal's claims against them. The Court disagrees with this contention. Plaintiff has already sought and been granted summary judgment as to its claims pursuant to Labor Law § 240 (1), thus the issue of the movants' culpability has been determined.

In opposition to third-party plaintiffs' motion and in support of its motion for summary judgment, third- party defendant, PJ Mechanical, contends that for two reasons the contractual indemnification clause as against it fail as a matter of law. First, the contract between it and Emblem does not contain the "savings language" as required by General Obligations Law § 5-322.1 and notwithstanding that deficiency, third-party plaintiffs contend that Delta, not PJ Mechanical, was negligent. Further, third-party defendant Delta contends that any claims asserted against it are barred by the Worker's Compensation Law and that it was not a party to any contract with the third-party plaintiffs.

Separately, third-party plaintiffs contend that based on its contract with PJ Mechanical, to indemnify the movants from all liabilities that arise out of any act by PJ Mechanical, "its employees, agents, servants, representatives or independent contractors in the performance of Vendor's services hereunder […]" third-party defendant's Delta Sheet Metal's status as a

[* 3]

subsidiary of PJ Mechanical makes them an agent pursuant to the contract, thus triggering the indemnification clause.

In support of the argument that Delta Sheet Metal is a subsidiary of PJ Mechanical, and thus an agent, movants cite to an email that states "It is my understanding that Delta Sheet Metal is scheduled to be on site this weekend." *See* NYSCEF Doc. 159. The Court finds that this is insufficient to establish an agency relationship between PJ Mechanical and Delta.

Claims asserted as against Delta Sheet Metal

Preliminarily, the Court notes that third-party plaintiffs and Delta Sheet Metal did not have a contractual relationship, thus third-party plaintiffs cannot obtain contractual indemnification from Delta Sheet Metal. Nor is it disputed that there was no contract between PJ Mechanical and Delta, such as an agency agreement or subcontracting agreement by which third-party plaintiffs would be entitled to indemnification.

As to the common law indemnification claims as against the Delta Sheet Metal third-party defendants, these claims must also fail. It is undisputed that Delta Sheet Metal was plaintiff's employer, thus any direct claims or third-party claims as against Delta are barred by the Workers' Compensation Law. As it pertains to claims made by third parties the Workers' Compensation Law provides

> "An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury.'"

Workers' Compensation Law § 11.

Here, plaintiff has not made any allegation that he suffered a grave injury, nor has the third-party plaintiffs submitted "competent medical evidence" of a grave injury, thus any causes of action asserted by third-party plaintiffs fail as a matter of law. Accordingly, the third-party complaint is dismissed in its entirety as to third-party defendants Delta Sheet Metal Corp.

Claims asserted as against PJ Mechanical

Third-party plaintiffs' assert that the contract between Emblem Health and PJ Mechanical, entitle both third-party plaintiffs to contractual indemnification. First, third-party plaintiff New Water was not a party to the contract, nor was it named at all in the contract, either by name or implication as the owner. Based on that reason alone, third-party plaintiff New Water's claims of contractual indemnification are dismissed.

Third-party plaintiffs allege, in a conclusory fashion, that Delta was performing work pursuant to the agreement between PJ Mechanical and Emblem Health. Third-party plaintiffs' fail to cite to any support for that contention. Third-party plaintiffs do not specify what portion of its contract with PJ Mechanical govern the work being performed by plaintiff. Other than citing the indemnification language of the contract, third-party plaintiffs do not establish that the contract between it and PJ Mechanical includes the services that were being performed by Delta Sheet Metal through its employee, the plaintiff.

In opposition to third-party plaintiffs' motion and in support of its motion, PJ Mechanical contends that its contract is for the maintenance of the HVAC system and not the work that was being done by Delta, removal of ductwork. Further, PJ Mechanical contends that pursuant to General Obligations Law § 5-322.1 the indemnity clause in the contract is void since Emblem cannot establish that it was free from any negligence. Third-party plaintiffs' do not oppose this

legal argument, rather they contend, contrary to the law of the case, that there can be no negligence attributed to them, this argument must fail.

The Court finds that movants have failed to establish that it is entitled to contractual indemnification from the third-party defendant PJ Mechanical. The plain language of the contract, specifically the portion entitled "Scope of Work" does not include cutting or capping ductwork, and is plainly for the inspection, maintenance, and incidental repairs of the HVAC system, not related to the construction taking place at the time of plaintiff's accident. Moreover, as to the common law indemnification claims, it is undisputed that PJ Mechanical was not on site at the time of the plaintiff's accident. Although the conclusory allegation that plaintiff's accident arose out of PJ Mechanical's work, third-party plaintiffs have failed to submit any admissible evidence to support that allegation.

As there is no contract governing the work Delta was performing, there can be no viable claim for a breach of contract for a failure to procure insurance. Accordingly, those claims are dismissed. As to the counterclaims asserted by the third-party defendants, those claims are dismissed as a matter of law as a result of the dismissal of the third-party complaint. Accordingly, it is hereby

ADJUDGED that third-party plaintiffs' motion for summary judgment, motion sequence 006, is denied in its entirety; and it is further

ORDERED that the third-party defendants', PJ Mechanical Service & Maintenance Corp. and Delta Sheet Metal Corp, motion for summary judgment is granted in its entirety and the third-party complaint is dismissed in its entirety as against those third-party defendants; and it is further

ORDERED that pursuant to CPLR § 3215 (c) the third-party complaint is dismissed as against PJ Mechanical Service & Maintenance LLC, and Delta Sheet Metal LLC; and it is further

ORDERED that the third-party action is severed, and the action shall continue under the original index number; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

20241016164817LFRANKE09880BECE2942E69F2DBC8E202EEDF4

_____
10/16/2024
DATE

_____
LYLE E. FRANK, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 7]