**O'Brien v Tectonic Bldrs. Inc.**

2024 NY Slip Op 34160(U)

November 26, 2024

Supreme Court, New York County

Docket Number: Index No. 150670/2019

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  HON. LYLE E. FRANK

*Justice*

PART 11M

---------------------------------------------------------------------------------X

KEVIN O'BRIEN,

Plaintiff,

- v -

TECTONIC BUILDERS INC.,CELINE INC.,650 MADISON OWNERS, LLC,

Defendant.

---------------------------------------------------------------------------------X

650 MADISON OWNERS, LLC

Plaintiff,

-against-

DAL ELECTRICAL CORPORATION

Defendant.

---------------------------------------------------------------------------------X

INDEX NO. 150670/2019

MOTION DATE 05/21/2024, 05/22/2024

MOTION SEQ. NO. 002 003

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595235/2020

The following e-filed documents, listed by NYSCEF document number (Motion 002) 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 201, 212

were read on this motion to/for                JUDGMENT - SUMMARY                .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 203, 204, 205, 206, 213, 214

were read on this motion to/for                SUMMARY JUDGMENT(AFTER JOINDER                .

This action arises out of injuries allegedly sustained at a construction site. Third-Party

Defendant, Weather Champions, Ltd., now moves for summary judgment, motion sequence 002,

seeking dismissal of third-party claims and all cross claims against it.  Second-third party

defendant Dal Electric Corporation ("DAL"), also  now moves for summary judgment seeking

dismissal of the  second third-party complaint in its entirety against DAL and any cross-claims.

**150670/2019 Motion No. 002 003**                                                    **Page 1 of 4**

## Background

On January 9, 2024, plaintiff was employed as a marble finisher, by Enright Marble & Tile Corp., helping to install marble flooring in the retail space being renovated to house a new Celine store at 650 Madison Avenue, in Manhattan, New York.

The accident occurred as plaintiff was heading to the bathroom. There was no direct access to the bathroom from the Celine retail space. Instead, the workers had to go through the staging area in the adjacent empty storefront, and then walk up a ramp or the stairs to a slightly elevated level of the floor, turn left, go through a doorway, turn right, and go down a staircase to the basement where the bathroom was located. Plaintiff tripped and fell on the ramp that was used to access the bathroom from inside the store.

Third-party plaintiff, Tectonic Builders was the general contractor for the project. Defendant/second-third-party plaintiff 650 Madison Owners, LLC owned the building and was defendant Celine Inc.'s landlord. Third-party defendant Weather Champions was the HVAC subcontractor to Taconic on the job. Second-third party defendant DAL Electrical Corporation was the electrical contractor.

## Summary Judgment Standard

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a

[* 2]

motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

*Motion Sequence 002*

Third-party defendant, Weather Champions, Ltd.'s summary judgment, motion sequence 002, on the third-party claims and all cross claims against it, is granted without opposition. Third-party defendant has established its prima facie entitlement to judgment as a matter law, by showing that plaintiff's accident did not occur as a result of its work and did not cause or create the condition involved in plaintiff's accident.

*Motion Sequence 003*

Second-third party defendant DAL seeks to dismiss the second third-party complaint, second third-party plaintiff opposes the instant motion. The portion of the motion seeking dismissal of the contractual indemnification claims and breach of contract is granted without opposition, as it is undisputed that DAL has no contractual obligation to second third-party plaintiff.

In opposition to the motion, 650 Madison contends that an issue of fact exists precluding summary judgment as to whether a desk placed on the platform contributes to plaintiff's accident. As plaintiff has separately moved for summary judgment and has no direct claims as against DAL, the argument that somehow the desk contributed to plaintiff's accident is not supported by admissible evidence and is insufficient to rebut DAL's prima facie entitlement to judgment as a matter of law. The record is clear and undisputed that plaintiff trip and fell on a ramp, and it is undisputed that DAL did not cause or create the condition. Accordingly, it is hereby

[* 3]

ORDERED that motions sequence002 and 003 are granted in their entirety and the third-party action and second-third-party action are hereby dismissed; and it is hereby

ORDERED that the remainder of the action is severed and continues.

20241126155749LFRANK4B8857FF82454E14A2001D0F8299E901

| 11/26/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |