| City Connections Realty, Inc. v Babaev |
|:---:|
| 2024 NY Slip Op 34306(U) |
| December 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656598/2022 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    <u>HON. LYLE E. FRANK</u> | PART      **11M** |
| *Justice* | |

------------------------------------------------------------------------------X

CITY CONNECTIONS REALTY, INC.,

                   Plaintiff,

               - v -

MEIR BABAEV, AB CAPSTONE DEVELOPMENT
LLC,BRONX HUB DEVELOPMENT LLC,425
WESTCHESTER FEE OWNER, LLC,WESTCHESTER
LEASE OWNER, LLC

                  Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | <u>656598/2022</u> |
| MOTION DATE | 07/12/2024,<br><u>07/12/2024</u> |
| MOTION SEQ. NO. | <u>003 004</u> |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179

were read on this motion to/for            <u>          JUDGMENT - SUMMARY         </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168

were read on this motion to/for         <u>    SUMMARY JUDGMENT(AFTER JOINDER   </u>.

       This action arises out of an alleged breach of contract. Plaintiff now moves for summary judgment. Defendant opposes the instant motion and moves separately for summary judgment. For the reasons set forth below, plaintiff's motion, motion sequence 003, is denied in its entirety and defendant's motion, motion sequence 004, is granted in part.

       During oral argument plaintiff conceded that the complaint should be dismissed as against the individual defendant Meir Babaev, as such that portion of defendant's motion is granted without opposition.

       Plaintiff alleges that in early 2017, through its agent, Barry Fields, entered into an express oral agreement contemporaneously confirmed by an email exchange with Meir Babaev, as

principal of defendant Bronx Hub Development LLC, whereby Fields would attempt to procure Jewish Child Care Association ("JCCA") as a possible tenant for a large development site located at 423-425 Westchester Avenue Bronx, New York.

Plaintiff further alleges that JCCA subsequently signed a lease, however defendants have failed to provide plaintiff with its commission.

Standard of Review

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

Discussion

In support of its motion for summary judgment plaintiff submits the affidavit of Plaintiff's agent, Barry Fields along with multiple email exchanges, purporting to show the existence of a contract. While plaintiff contends that the emails are sufficient evidence of a contract, the Court does not find that the emails submitted are in admissible form. There are portions of various email exhibits that are redacted and there is no certification of the emails authenticity. Notwithstanding the evidentiary issues, there are factual issues that are not appropriate for determination on a motion for summary judgment.

[* 2]

The plaintiff's motion papers, as well as the arguments in opposition to defendants' motion, contain arguments regarding the continuation of entities and the alleged assumption of the disputed contract from one entity to another. The threshold issue of the existence of the contract is a factual determination as defendants contend that no such oral agreement was made, while plaintiff insists that there was an oral agreement.

Similarly, defendants have not established entitlement to judgment as a matter of law. Defendants offer no legal arguments in support of their motion and only submit an affidavit of Meir Babaev contending that there in fact is no agreement between the parties. Further, defendants' statement of facts alleges that at the time plaintiff claims to have procured JCCA as a tenant the premises was owned by Bronx Hub however it was subsequently sold to another entity and the lease was between JCCA and the new entity.

Based upon the competing affidavits and the lack of admissible evidence to support either parties' allegations, there remain questions of fact that preclude summary judgment. The Court has reviewed the parties' remaining contentions and find them unavailing. Accordingly, it is hereby

ADJUDGED that plaintiff's motion for summary judgment, motion sequence 003, is denied; and it is further

ORDERED that defendant's motion for summary judgment, motion sequence 004, is granted in part in that the complaint is dismissed in its entirety as to defendant Meir Babaev, it is otherwise denied; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

[* 3]

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (access*ible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

20241204155209LFRANKB01059D2158D41AD9FA89068275B239A

| 12/4/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |