| |
|---|
| **Ardizzone v Summit Glory LLC** |
| 2025 NY Slip Op 30520(U) |
| February 13, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157243/2017 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**                          PART                    **11M**

*Justice*

-------------------------------------------------------------------------------X

ANGELO ARDIZZONE, MARYBETH ARDIZZONE,              **INDEX NO.**          157243/2017

              Plaintiff,                                    **MOTION DATE**        02/20/2024

        - v -                                           **MOTION SEQ. NO.**        014

SUMMIT GLORY LLC,FOSUN INTERNATIONAL LIMITED,
AMERICON CONSTRUCTION INC.,TITAN INDUSTRIAL
SERVICES CORP., EASTERN DESIGN TILE & MARBLE,              **DECISION + ORDER ON**
INC.,KABACK ENTERPRISES, INC.,MASPETH WELDING,                  **MOTION**
INC.,RIVCO CONSTRUCTION, LLC,

              Defendant.

-------------------------------------------------------------------------------X

AMERICON CONSTRUCTION INC.                                  Third-Party
                                                    Index No.  595850/2021
              Plaintiff,

        -against-

ISLAND ARCHITECTURAL WOODWORK, INC.

              Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 014) 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 541, 548, 554, 563, 580

were read on this motion to/for           SUMMARY JUDGMENT(AFTER JOINDER    .

      This action arises out of injuries allegedly sustained by plaintiff Angelo Ardizzone, at a construction site. Plaintiff Marybeth Ardizzone has asserted derivative claims.  Defendant Titan Industrial Services Corp. ("Titan") now moves for summary judgment dismissing all claims, crossclaims and counter claims against it.  There is no opposition to this motion filed.  For the reasons set forth below, the motion is granted.

[* 1]

**Background**

This action arises from plaintiff's accident that occurred on June 9, 2016. At the time of the accident, defendant, Summit Glory LLC ("Summit"), owned 28 Liberty Street, New York, New York, the location of the subject accident. Summit retained non-party, CBRE, Inc., to be its exclusive property manager. Defendant, Fosun International Limited, owned Summit. Non-party tenant, Jones Lang Lasalle Americas, Inc., entered into a contract with defendant/third-party plaintiff, Americon Construction Inc. ("Americon"), the general contractor, to provide construction services in the tenant's leased space.

Defendant, Titan, was hired by Americon., to perform interior demolition of existing fixtures for the construction project located at 28 Liberty Street New York, NY.

Plaintiff was employed by non-party Allran Electric of NY LLC, a subcontractor hired by Americon to perform electrical work. At the time of the accident plaintiff completed installing a light fixture when he was coming down the ladder, his right foot slipped on debris, and his knee gave out. Plaintiff testified that the debris pile he stepped on consisted of sawdust, metal debris from ductwork, some steamfitter pieces of pipe and some pieces of M.C. cable. Plaintiff testified that there was no debris on the floor when he ascended the ladder. Further, plaintiff testified he does not know how the debris he slipped on got on the floor or how long the debris was on the floor prior to his slipping on it.

**Summary Judgment Standard**

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law.

[* 2]

*Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

**Discussion**

Defendant Titan has established its *prima facie* entitlement to judgment as a matter of law. Titan has established that it neither caused or created the condition that caused plaintiff's accident, nor did it control the means and methods of plaintiff's work. Moreover, Titan has established that its work was completed prior to plaintiff's installation of the light fixture therefore could not have created the condition that caused plaintiff's accident. Thus, Titan has established that plaintiff's Labor Law §§ 200, 240(1), and § 241(6) claims are not applicable as against it.

Additionally, as to the cross-claims for indemnification asserted against it, Titan, has established, and it is undisputed, that plaintiff's accident did not arise out of its work, therefore a claims against it for contractual indemnification cannot survive. Accordingly, it is hereby

ORDERED that defendant Titan Industrial Services Corp.'s motion for summary judgment is granted and all claims and cross-claims are dismissed as against it; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

**157243/2017 Motion No. 014**

**Page 3 of 4**

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20250213155742LFRANK44C67BB81F64156AECA52F8E8E635A4

| 2/13/2025 | | | | |
|-----------|--|--|--|--|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|----------------|---|---------------|-------|----------------------|---|
| | **X** | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |