**Orellana v 5541-1274 Fifth Ave. Manhattan LLC**

2026 NY Slip Op 30817(U)

March 5, 2026

Supreme Court, New York County

Docket Number: Index No. 152497/2020

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**                    PART                    **11M**

                                        *Justice*

-----------------------------------------------------------------------------X

MILTON ALFREDO BARRERA ORELLANA,          **INDEX NO.**        152497/2020

                        Plaintiff,          **MOTION DATE**      03/14/2025

          - v -                             **MOTION SEQ. NO.**      008

5541-1274 FIFTH AVENUE MANHATTAN LLC, REIDY
CONTRACTING GROUP LLC, H&L IRONWORKS CORP.,
LCD ELEVATOR, INC., AKELIUS REAL ESTATE,          **DECISION + ORDER ON
                                                    MOTION**

                        Defendant.

-----------------------------------------------------------------------------X

REIDY CONTRACTING GROUP LLC                        Third-Party
                                            Index No.  595725/2020
                        Plaintiff,

          -against-

H&L IRONWORKS CORP., LCD ELEVATOR INC.

                        Defendant.

-----------------------------------------------------------------------------X

5541-1274 FIFTH AVENUE MANHATTAN LLC               Second Third-Party
                                            Index No.  595899/2020
                        Plaintiff,

          -against-

LCD ELEVATOR, INC., TOUCHSTONE CONTRACTING INC.

                        Defendant.

-----------------------------------------------------------------------------X

H&L IRONWORKS CORP.                                Third Third-Party
                                            Index No.  595319/2023
                        Plaintiff,

          -against-

TOUCHSTONE CONTRACTING INC.

                        Defendant.

-----------------------------------------------------------------------------X

**152497/2020 Motion No.  008**                                  **Page 1 of 4**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 297, 303, 306, 310, 314, 320, 321, 322, 357, 360, 366, 371, 376, 384, 389

were read on this motion to/for                JUDGMENT - SUMMARY             .

This action arises out of injuries sustained by plaintiff while employed at a construction site. Second/third third-party defendant, Touchstone Contracting Inc. ("Touchstone"), now moves for summary judgment seeking dismissal of all claims against them, any cross claims for common law indemnification and contribution on the ground that the causes of action are barred by Workers Compensation Law Section 11; dismissal of the second third-party complaint for contractual indemnification asserted by defendant second third-party plaintiff 5541-1274 Fifth Avenue Manhattan LLC fail on the grounds that there is no contractual relationship between it and Touchstone; and dismissal of the third third-party complaint dismissing all causes of action asserted by H & L Ironworks as against Touchstone, and all cross claims, which sound in contractual indemnification and breach of contract on the grounds that there is no evidence of any negligence on the part of Touchstone that would trigger contractual indemnification, and that there is no basis for the claim that Touchstone did not procure insurance.

Defendant/third-party defendant/second third-party defendant L.C.D. ELEVATOR REPAIR, INC. i/s/h/a LCD ELEVATOR, INC. (hereinafter "LCD") submits a partial opposition to the instant motion[1], the motion is otherwise unopposed. For the reasons set forth below, Touchstone's motion for summary judgment is granted.

---

[1]Defendants/third-party plaintiffs 5541-1274 Fifth Avenue Manhattan LLC and Akelius Real Estate Management (together, "Akelius") affirmation in opposition is filed under the motion sequence number associated with Touchstone's motion (Motion Seq. No. 8); the opposition does not address Touchstone's motion for summary judgment; it opposes plaintiff's motion for summary judgment (Motion Sequence No. 10); and LCD's motion for summary judgment (Motion Sequence No. 9).

**Summary Judgment Standard**

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

**Discussion**

Touchstone's motion is substantively unopposed. Touchstone has established the claims asserted against it are barred by the Worker's Compensation Law in that plaintiff was employed by Touchstone and did not sustain a grave injury. Further, Touchstone has established and that it did in fact procure insurance and was not negligent, thereby defeating the claims asserted in the third party complaints.

The basis of LCD's opposition was limited to the recitation of facts, which for the purposes of this motion need not be addressed nor are dispositive for the purposes of establishing Touchstone's *prima facie* case of dismissal of the third-party complaints. Accordingly, it is hereby

ORDERED that all claims and cross-claims asserted against Touchstone Contracting Inc. are dismissed with prejudice, and the matter is severed and continues as against all other defendants; and it is further

**152497/2020 Motion No. 008**

**Page 3 of 4**

ORDERED that the Clerk is directed to amend the caption reflecting the dismissal.

20260305143147LFRANK6FB38A0E3925489B8AD2FB6F8DB31C84

__3/5/2026__
__DATE__                                                    __LYLE E. FRANK, J.S.C.__

**CHECK ONE:**          ☐ CASE DISPOSED          ☒ NON-FINAL DISPOSITION

                        ☒ GRANTED     ☐ DENIED     ☐ GRANTED IN PART          ☐ OTHER

**APPLICATION:**        ☐ SETTLE ORDER                ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**  ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE